## RoBARDS *v.* LAMB.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 1088. Submitted March 20, 1888. — Decided April 16, 1888.

The Statute of Missouri which, as construed by the Supreme Court of that State, authorizes a special administrator, having charge of the estate of a testator pending a contest as to the validity of his will, to have a final settlement of his accounts, conclusive against distributees, without giving notice to them, is not repugnant to the clause of the Constitution of the United States which forbids a State to deprive any person of his property without due process of law.

This case was brought before the court on the following motions made by defendant in error's counsel.

The court is moved to dismiss the writ of error or to affirm the judgment herein on the following grounds :

1. This court is without jurisdiction under § 709 of the Revised Statutes.

2. If any question cognizable under that section was in fact decided, such decision was not necessary, and the judgment rendered is supported on grounds which this court has no jurisdiction to review.

G. G. VEST,
*For Defendant in Error.*

The case, as stated by the court, was as follows: .

By the statutes of Missouri, relating to the granting of letters testamentary and of administration, it is provided : " If the validity of a will be contested, or the executor be a minor or absent from the State, letters of administration shall be granted, during the time of such contest, minority or absence, to some other person, [other or different from the one charged with the execution of the will, 56 Missouri, 432,] who shall take charge of the property and administer the same, according to law, under the direction of the court, and account for and pay and deliver all the money and property of the estate to the executor or regular administrator, when qualified to act." Gen. Stat. Missouri, 1865, c. 120, § 13; Rev. Stat. Missouri, 1879, c. 1, art 1, § 14.

The present suit was brought in behalf of distributees to falsify a final settlement, made in one of the probate courts of Missouri, of the accounts of a special administrator, who was appointed, under the authority of the above statute, to take charge of and administer the property of a testator pending a contest as to the validity of his will. The plaintiff claims that at that settlement the distributees were not represented, and did not have actual or constructive notice thereof. After the contest as to the will ended, the probate court passed an order stating the balance in the hands of the special administrator, directing him to turn the same over to the executors of the estate, and providing for the discharge of himself and sureties, upon his filing in that court the receipt of the executors for such balance. The executors having given their receipt for all the property held by him, as shown by his final settlement, and the same having been filed, an order was passed by the probate court for the final discharge of the special administrator.

The Supreme Court of Missouri held, in the present case, that while the laws of that State (Gen. Stat. 1865, c. 124, § 16, to 19; Rev. Stat. 1879, § 238 to 241,) required notice by publication of the final settlement of executors and administrators, notice was not required in respect to settlements of special

administrators in whose hands the property of a testator is placed pending a contest as to the validity of his will. Its language was:

"As was said in *Lamb, Adm'r,* v. *Helm, Adm'x,* 56 Missouri, 433, 'such special administrators occupy more nearly the position of a receiver who acts under the direction of the court than they do the position of a general administrator.' The special administrator is appointed for temporary purposes only, (*Hawkins* v. *Cunningham,* 67 Missouri, 415,) and when the contest as to the will is over and the nominated executor qualified, his functions are at an end, and he must settle his accounts and turn over the property in his hands to the regular executor or administrator. This accounting is his final accounting, it is true, but it is not a final settlement of the estate contemplated when notice is required to be given. There is no need of any notice, for there is then a regular representative of the estate with whom the settlement is made under the direction of the probate court. The statute which provides for notice on final settlements therefore has no application to settlements made by an administrator *pendente lite,* and notice is not required.

"As to § 47, c. 120, which provides that if any administrator die, resign, or his letters be revoked, he or his legal representatives shall account to the successor, &c., it is sufficient to say the section has no application to this case, for here the special administrator neither resigned nor were his letters revoked, but his powers ceased by operation of law and the express terms of the appointment. We do not intimate that in these cases notice of the settlement must be given, though when an administrator desires to resign, notice of his intention to make application to that end must be given.

"It follows that the judgment of the probate court discharging the special administrator is final and conclusive even as against the plaintiff, for there is no saving clause as to minors or married women. The petition does not seek relief on the ground of fraud." *RoBards* v. *Lamb,* 89 Missouri, 303, 311, 312.

*Mr. George G. Vest* for the motion cited: *Detroit City Railway Co.* v. *Guthard*, 114 U. S. 133; *Chouteau* v. *Gibson*, 111 U. S. 200; *Murdock* v. *Memphis*, 20 Wall. 590; *Brown* v. *Colorado*, 106 U. S. 95; *McManus* v. *O'Sullivan*, 91 U. S. 578; *Brown* v. *Atwell*, 92 U. S. 327; *Simmerman* v. *Nebraska*, 116 U. S. 54; *Adams County* v. *Burlington & Missouri River Railroad*, 112 U. S. 123, 126, 127; *Chapman* v. *Goodnow*, 123 U. S. 540; *Brooks* v. *Missouri*, 124 U. S. 394; *New York Life Insurance Co.* v. *Hendren*, 92 U. S. 286; *Dugger* v. *Bocock*, 104 U. S. 596; *San Francisco* v. *Scott*, 111 U. S. 768; *Grame* v. *Insurance Co.*, 112 U. S. 273; *Citizens' Bank* v. *Board of Liquidation*, 98 U. S. 140.

*Mr. James Carr* opposing, on the question of jurisdiction cited: *Webster* v. *Reid*, 11 How. 437; *Lessee of Walden* v. *Craig's Heirs*, 14 Pet. 145, 154; *Hollingsworth* v. *Barbour*, 4 Pet. 466; *Thatcher* v. *Powell*, 6 Wheat. 119; *Des Moines Navigation &c. Co.* v. *Iowa Homestead Co.*, 123 U. S. 552; *Hagar* v. *Reclamation District*, 111 U. S. 701; *Chicago Life Ins. Co.* v. *Needles*, 113 U. S. 574; *Kennard* v. *Morgan*, 92 U. S. 480; *Foster* v. *Kansas*, 112 U. S. 201; *Chapman* v. *Goodnow*, 123 U. S. 540; *Hall* v. *Finch*, 104 U. S. 261; *Railroad* v. *National Bank*, 102 U. S. 14: and as to what constitutes "due process of law"; *Hagar* v. *Reclamation District*, 111 U. S. 701; *Davidson* v. *New Orleans*, 96 U. S. 97; *Foster* v. *Kansas*, 112 U. S. 201; *Kennard* v. *Louisiana*, 92 U. S. 480; *Slaughter House Cases*, 16 Wall. 36; *Pennoyer* v. *Neff*, 95 U. S. 714; *Boswell's Lessee* v. *Otis*, 9 How. 336; *Webster* v. *Reid*, 11 How. 437; *Nations* v. *Johnson*, 24 How. 195; *Murray's Lessee* v. *Hoboken Co.*, 18 How. 272.

MR. JUSTICE HARLAN, after stating the facts in the above language, delivered the opinion of the court.

The only question, among those presented, of which this court can take cognizance, is whether the statute of Missouri, which authorizes a special administrator having charge of the estate of a testator pending a contest as to the validity of his

will, to have a final settlement of his accounts, without giving notice to distributees, and which settlement, in the absence of fraud, is deemed conclusive as against such distributees, is repugnant to the clause of the Constitution of the United States forbidding a State to deprive any person of his property without due process of law. We have no difficulty in answering this question in the negative. Without stating all the grounds upon which this conclusion might be rested, it is sufficient to say that, in matters involved in the accounts of such special administrator, the executor or administrator with the will annexed represents all claiming under the will. The regular representative of the estate, before passing his receipt to the special administrator, has an opportunity to examine this settlement, and, if it is not satisfactory, to contest its correctness by some appropriate proceeding. When an executor or administrator with the will annexed proposes to make a final settlement of his own accounts, he is required to give notice to creditors and distributees; for there are no other representatives of the estate. But when a special administrator ceases to act as such, that is, when his functions cease by operation of law, he must account for the property and estate in his hands to the executor or administrator with the will annexed, who, in receiving what had been temporarily in the charge of the former, acts for all interested in the distribution of the estate. As, therefore, the regular representative of the estate has an opportunity to contest the final settlement of the special administrator, before giving him an acquittance, it cannot be said that the absence of notice to the distributees of such settlement amounts to a deprivation of their rights of property without due process of law.

*The judgment is affirmed.*